# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT of TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MARTIN E. VINSON, TDCJ # 716665,** § | | |
| § | | |
| **Plaintiff** § | | |
| § | | |
| v. § | | **Civil Action** |
| § | | **No. SA-10-CA-209-OG** |
| **BARBARA A. TREVINO, T.D.C.J.** § | | |
| **Connally Unit Chief of Classification,** § | | |
| § | | |
| **Defendant** § | | |

## S H O W   C A U S E   O R D E R

Before the Court is Plaintiff Martin E. Vinson's 42 U.S.C. § 1983 Civil Rights Complaint against TDCJ Connally Unit Chief of Classification Barbara A. Trevino. Plaintiff alleges he is a homosexual and a pacifist and has been harassed, assaulted, and abused by other inmates. On or about June 26, 2006, when Plaintiff was assigned to the Connally Unit, Defendant Trevino denied Plaintiff Vinson's request for assignment to "safekeeping," however State Classifications Committee member Steve Rodgers authorized Plaintiff's transfer to the Ramsey Unit which is a minimum security unit with a very low rate of offender violence. Plaintiff sues Defendant Trevino for denying his safekeeping request.

Title 28 U.S.C. § 1915(e)(2)(B) requires this Court to screen prisoners' in forma pauperis (IFP) complaints and dismiss the complaint if the court determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from an immune defendant. An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). To state a claim pursuant to Fed. R. Civ. P. 12(b)(6) plaintiff's allegations must present "enough facts to state a claim to relief that is

plausible on its face," i.e. the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S 544, 127 S. Ct. 1955, 1965-66, 1974, 167 L. Ed. 2d 929 (2007). A conclusory complaint, one that fails to refer to material facts, may be dismissed as frivolous, *see e.g. Wilson v. Budney*, 976 F. 2d 957, 958 (5th Cir. 1992), *Moody v. Baker*, 857 F. 2d 256, 257 (5th Cir.), *cert. denied*, 488 U.S. 985 (1988), or for failure to state a claim, *see Rios v. City of Del Rio*, 444 F. 3d 417, 426 (5th), *cert. denied*, 549 U.S. 825 (2006).

*Plaintiff's Complaint is frivolous and fails to state a claim for federal civil rights relief under § 1983, and therefore is subject to dismissal for the following reasons:*

1. Claims may be dismissed as frivolous pursuant to § 1915 where it is clear the claims are barred by limitations. *Gonzalez v. Wyatt*, 157 F. 3d 1016, 1019 (5th Cir. 1998). The statute of limitations for civil rights claims arising in Texas is two years. *See Gonzales v. Wyatt*, 157 F. 3d 1016, 1019 (5th Cir. 1998) (Texas' two-year tort statute of limitations applies to § 1983 actions in Texas). Therefore, Plaintiff's claims concerning matters occurring in June 2006 are barred by the applicable statute of limitations.

2. A prison official may be liable under the Eighth Amendment for deliberate indifference to prison health and safety conditions only if he knows an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Negligence is not a basis for a civil rights action. *Daniels v. Williams*, 474 U.S. 327, 329-336, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986). Plaintiff acknowledges that as a result of his request he was transferred to a minimum security unit, and thus Plaintiff fails to show TDCJ was deliberately indifferent to his safety.

3. The case and controversy requirement of Article III of the Constitution requires that to proceed in federal court a complaint must allege an injury, *see O'Shea v. Littleton*, 414 U.S. 488, 493-95, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974), that is more than de minimis or trivial, *see Glenn v. City of Tyler*, 242 F. 3d 307, 314 (5th Cir. 2001). Plaintiff fails to allege he was injured or harmed at the Connally Unit following June 24, 2006, and thus fails to allege Defendant Trevino's decision to deny him safekeeping classification resulted in an actionable injury.

Before dismissal Plaintiff is entitled to amend his Complaint or explain why his complaint should not be dismissed. *See Neitzke v. Williams*, 490 U.S. 319, 329, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). **Therefore, within twenty-one (21) days Plaintiff shall show cause why his § 1983 Complaint should not be dismissed as frivolous or for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) by filing an amended complaint or explaining to this Court why his Complaint should not be dismissed.** If Plaintiff fails to respond to this Order, this action will also be dismissed for failure to prosecute and failure to comply with this Order. *See* Fed. R. Civ. P. 41(b). Alternatively, Plaintiff may request voluntary dismissal of this case. Fed. R. Civ. P. 41(a)(1).

**SIGNED on March 22, 2010.**

*Nancy Stein Nowak*
**NANCY STEIN NOWAK**
**UNITED STATES MAGISTRATE JUDGE**